# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY RAY MALDONADO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. H. TRIMBLE, et al.,<br><br>　　　　　Defendants. | Case No. 1:11-cv-02160-LJO-DLB PC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM**<br><br>ECF No. 10<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

**I.     Background**

Plaintiff Billy Ray Maldonado ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On December 30, 2011, Plaintiff filed his Complaint. On October 9, 2012, the Court screened Plaintiff's Complaint and dismissed it for failure to state a claim, with leave to amend. On November 5, 2012, Plaintiff filed his First Amended Complaint. ECF No. 10.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary of First Amended Complaint

Plaintiff is incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: doctor D. Coleman PA-C; Doctor Flemming PA-C; Doctor Barry J. Green PA-C; Doctor Randolph Wilson III PA-C; Doctor Singh PA-C; Doctor Evans P.T. PA-C; and Doctor Junior Fortune PA-C.

Plaintiff alleges the following. On February 2, 2007, Defendant Coleman saw Plaintiff and denied him steroid shots for his shoulders, and lumbar lower back spine. Defendant Coleman did not examine or diagnose Plaintiff for stiffness, being unable to walk straight. No medication was given to Plaintiff for excruciating pain and suffering.

On November 30, 2007, Plaintiff was scheduled to be seen by Defendant Flemming for his shoulder pain, lumbar, lower back, spine, knees, and ankles. Defendant Flemming told Plaintiff that he would give Plaintiff steroid shots, but then said he would give Plaintiff morphine. Plaintiff did not want morphine, and would rather have the steroid shots instead. Physician did not give Plaintiff medication for excruciating pain and suffering.

On September 17, 2010, Plaintiff was scheduled to be seen by Defendant Green, who did not give Plaintiff any medication for excruciating pain and suffering. On October 5, 2010, Plaintiff was scheduled to be seen by Defendant Wilson, who did not give Plaintiff any medication for his chronic

physical health condition.

On December 22, 2010, Plaintiff was scheduled to be seen by Defendant Singh. After she examined plaintiff, she told him that he should get on psych[1] medication for pain. Defendant Singh referred Plaintiff to physical therapy at central health with Defendant Evans before making her decision on the medication. Plaintiff asked Defendant Evans for steroid pills for his excruciating pain and suffering. Defendant Singh denied Plaintiff medication for his chronic physical health conditions.

On August 25 and 26 of 2011, Plaintiff was scheduled to be seen by Defendant Fortune. Plaintiff asked if he could get steroid shots. Defendant Fortune told Plaintiff no because PVSP is an endemic area for valley fever, and they did not give any medication for chronic physical health conditions.

Plaintiff requests as relief compensatory and punitive damages.

### III. Analysis

#### A. October 19, 2012 Order

On October 19, 2012, the Court issued an Order requiring that "Plaintiff may not add any new, unrelated claims to this action via the first amended complaint and any attempt to do so may result in an order striking the first amended complaint." Plaintiff violated the Court's order regarding filing unrelated, new claims in his amended complaint. Plaintiff's claims in his First Amended Complaint are new and unrelated to his claims alleged in his original Complaint. Plaintiff nonetheless also failed to state a claim.

#### B. Eighth Amendment

Based on Plaintiff's pleadings regarding his alleged inadequate medical care, Plaintiff appears to contend a violation of the Eighth Amendment. The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2)

---

[1] The Court presumes that Plaintiff refers to "psych" medication, and not "psychic" medication as listed in the first amended complaint.

"the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Based on Plaintiff's allegations, Plaintiff has sufficiently satisfied the first prong of an Eighth Amendment claim, regarding a serious medical need.  However, Plaintiff fails to satisfy the second prong, deliberate indifference.

As to Defendant Coleman, Plaintiff has not alleged sufficient facts to demonstrate that Defendant Coleman knew of and disregarded an excessive risk of serious harm to Plaintiff's health.  Plaintiff alleges that Defendant Coleman failed to provide Plaintiff with steroid shots.  Plaintiff thus is complaining about the type of treatment, which fails to state an Eighth Amendment claim. *Toguchi*, 391 F.3d at 1058.  Plaintiff alleges that Defendant Coleman failed to examine or diagnose Plaintiff, which would at most indicate negligence.  Negligence, however, does not rise to the level of deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

As to Defendant Flemming, Plaintiff has not alleged sufficient facts to demonstrate that Defendant Coleman knew of and disregarded an excessive risk of serious harm to Plaintiff's health.  Plaintiff alleges that Defendant Flemming had recommended morphine for Plaintiff's pain, not steroid shots, as was Plaintiff's preference.  Plaintiff alleges at most a difference of opinion between a healthcare professional and a prisoner, which fails to state an Eighth Amendment claim. *Toguchi*, 391 F.3d at 1058.

As to Defendants Green and Wilson, Plaintiff has failed to allege sufficient facts which demonstrate that Defendants Green and Wilson knew of and disregarded an excessive risk of serious harm to Plaintiff's health.  Plaintiff alleges only that Defendants did not give him medication, which is not sufficient to state an Eighth Amendment claim. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (holding that isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs).

As to Defendant Singh, Plaintiff fails to allege sufficient facts which demonstrate that Defendant Singh knew of and disregarded an excessive risk of serious harm to Plaintiff's health. Plaintiff's allegations indicate that Defendant Singh recommended some form of physical therapy and that Plaintiff take psych medication.  Plaintiff alleges at most a difference of opinion between a healthcare professional and a prisoner, which fails to state a claim. *Toguchi*, 391 F.3d at 1058.

As to Defendant Evans, Plaintiff fails to allege any facts which indicate that Defendant Evans knew of and disregarded an excessive risk of serious harm to Plaintiff's health.  Plaintiff's pleadings demonstrate only that he asked for steroid shots, which fails to demonstrate that Defendant Evans took any action or inaction that caused Plaintiff an injury in violation of his federal rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

As to Defendant Fortune, Plaintiff fails to allege sufficient facts which demonstrate that Defendant Fortune knew of and disregarded an excessive risk of serious harm to Plaintiff's health. Plaintiff alleges that Defendant Fortune did not provide Plaintiff with steroid shots. Plaintiff thus is complaining about the type of treatment, which fails to state an Eighth Amendment claim. *Toguchi*, 391 F.3d at 1058.[2]

**IV.     Conclusion and Recommendation**

Plaintiff fails to state any cognizable federal claims against any Defendants.  The Court previously provided Plaintiff with an opportunity to amend his complaint to cure the deficiencies identified.  Plaintiff violated the Court's order to not add any new, unrelated claims to this action. Plaintiff also failed to state an Eighth Amendment claim against any Defendants.  Further leave to

---

[2] Plaintiff also appears to violate Rule 20(a)(2) of the Federal Rules of Civil Procedure.  Plaintiff alleges facts against Defendants for five different periods of time, which do not arise from the same transaction or occurrence, or series of transactions or occurrences.  Because Plaintiff has failed to state a claim as to all Defendants, however, the Court will not further address this issue.

amend will not be granted.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed with prejudice for failure to obey a court order and failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 2, 2013**                                    /s/ Dennis L. Beck
                                                              UNITED STATES MAGISTRATE JUDGE